BARTOLI, DEMANDANTE Y APELADA, *v.* MARIANI, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre cumplimiento de contrato.

No. 1734.—Resuelto en mayo 20, 1918.

CONTRATOS—INTERPRETACIÓN DE.—A prometió vender a B por determinada suma los bienes raíces y muebles que había heredado de cierta persona. De la venta quedó excluído el efectivo que pudiera corresponder a A procedente del cosecho de una hacienda, de algunos pagarés, de los alquileres de casas "y demás hasta la fecha en que se efectúe la venta." Entre los bienes claramente comprendidos en la venta estaba un veinte y cinco por ciento en el valor de las casas pertenecientes a la herencia. Para pagar dicho veinte y cinco por ciento se adjudicaron a A dos casas, mas como su valor no era suficiente, para completarlo se le adjudicó la suma de $823.47 en efectivo. Al hacerse la escritura de venta las partes no llegaron a un acuerdo acerca

de si dicha suma correspondía o no a B, y B inició entonces este pleito en el que *se resolvió* que la suma de $823.47 pertenecía a B ya que se adjudicó a A no como su parte proporcional en el efectivo de la herencia procedente de las fuentes indicadas, sino para completar su parte proporcional en el valor de las casas de la herencia. La duda introducida por el uso en el contrato de las palabras ''y demás,'' se decidió así en favor de la mayor reciprocidad de intereses. Art. 1256 del Código Civil.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Parra & Pérez Marchand.*

Abogado de la apelada: *Sr. A. F. Castro.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Alfonsa Bartoli viuda de Mariani presentó una demanda en la Corte de Distrito de Ponce contra José María Mariani reclamando la suma de $823.47, que le correspondía, según ella, de acuerdo con un contrato celebrado entre demandante y demandado el 6 de abril de 1914, por virtud del cual el segundo hizo a la primera promesa de venta ''de sus bienes raíces y muebles, en la Sucesión de don José María Mariani Cupril, por la suma de diez y seis mil quinientos pesos (oro americano).''

La cláusula tercera del contrato, dice así: ''Quedará a disposición del Sr. Mariani, Jr., el efectivo en poder del Sr. Tomás Olivari Antoni procedente del cosecho líquido de la Hacienda 'Santa Clara,' durante el año 1912–13 y cuya suma se le entregará oportunamente, lo mismo que también quedará a su disposición, la parte que legalmente le corresponda en los pagarés suscritos por don Antonio Anciani, así como aquella que provenga de alquileres de casas y demás hasta la fecha en que se efectúe la venta.''

Mariani Cupril murió el 26 de julio de 1907. Su herencia al partirla, consistía en dinero efectivo procedente del cosecho de la hacienda ''Santa Clara'' de 1912–13, alquileres de casas y cobro de un pagaré; en nueve pagarés otorgados por don Antonio Anciani; en bienes muebles y semovientes; en un condominio igual a la mitad en la hacienda ''Santa Clara,'' y en cuatro casas. Los herederos eran cuatro,

siendo el demandado uno de ellos. En la partición se adjudicó al demandado un veinte y cinco por ciento en el valor de los pagarés, otro veinte y cinco por ciento en el valor de los muebles y semovientes, otro veinte y cinco por ciento en el condominio y $2,566.91 en efectivo que con $368 procedentes de una deuda, constituían el veinte y cinco por ciento del efectivo de la herencia. En cuanto a las casas se adjudicaron dos al demandado valoradas en $1,488.60, pero como dicha suma no constituía el veinte y cinco por ciento del valor de las cuatro casas de la herencia, para completarlo se le adjudicaron además $823.47.

Demandante y demandado al llevar a la práctica el contrato de promesa de venta, no pudieron llegar a un acuerdo con respecto a los $823.47 adjudicados al demandado en la forma que se ha dicho y en la escritura de venta que otorgaron dejaron a salvo expresamente los derechos de que se creyera asistida la señora Bartoli sobre dicha suma. Y en reclamación de esos derechos fué que la señora Bartoli inició este pleito.

Emplazado el demandado, excepcionó la demanda por no aducir hechos suficientes para determinar una causa de acción. La corte desestimó la excepción y luego, a solicitud del propio demandado, dictó sentencia final declarando que la suma de $823.47 corresponde a la demandante. El demandado entonces interpuso el presente recurso de apelación.

Hemos estudiado los razonamientos de ambas partes y, a nuestro juicio, la interpretación que da al contrato la parte demandante y que sancionó con su sentencia la corte de distrito, es la justa y procedente.

De acuerdo con el convenio celebrado, la demandante no reclama el efectivo que se adjudicó al demandado procedente del cosecho de la hacienda "Santa Clara" y de los alquileres de las casas, ni tampoco la parte que también se le adjudicó en los pagarés de Anciani, pero sí reclama además de lo que voluntariamente le fué entregado por el demandado, la propiedad de los $823.47 que se adjudicaron en efectivo al de-

mandado no como su parte proporcional en el efectivo de la herencia procedente del cosecho y alquileres indicados, sino para completar su parte proporcional en el valor de las casas pertenecientes a la herencia.

Introduce alguna confusión el uso de las palabras ''y demás'' que aparecen al final de la cláusula tercera del contrato de promesa de venta que dejamos transcrita, pero en tal caso, de acuerdo con la ley, (art. 1256 del Código Civil), siendo confuso el contrato oneroso de que se trata, la duda debe resolverse en favor de la mayor reciprocidad de intereses, y en nuestra opinión la mayor reciprocidad de intereses requiere que ese dinero efectivo que no se adjudicó como parte del efectivo de la herencia procedente de las fuentes expresamente mencionadas por los contratantes, sino en realidad de verdad en sustitución de un bien inmueble y que en sí constituye un bien mueble de valor apreciable en relación con la totalidad de la suma envuelta en la transacción, debe comprenderse dentro de los bienes raíces y muebles prometidos vender y finalmente vendidos por el demandado a la demandante.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.